# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TAMARA HUDSON,
                  Appellant,

        v.

UNITED STATES POSTAL SERVICE,
                  Agency.

DOCKET NUMBER
AT-0752-17-0106-I-1

DATE: January 30, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tamara Hudson</u>, Fayetteville, North Carolina, pro se.

<u>Greg Allan Ribreau</u>, Charlotte, North Carolina, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

From July 9, 2016, the appellant, a preference-eligible veteran, held the Postal Support Employee (PSE) Sales and Services Associate (SSA) position at the Morrisville Post Office in Morrisville, North Carolina.  Initial Appeal File (IAF), Tab 5 at 4, Tab 6 at 12.  Effective July 26, 2016, she was terminated for failing an SSA exam.  IAF, Tab 6 at 13-14.  From August 20, 2016, she held the PSE Mail Processing Clerk position at the Fayetteville Post Office in Fayetteville, North Carolina.  *Id.* at 43.  Effective September 3 and 17, 2016, she was reassigned to the PSE SSA position at the Lakedale Station in Fayetteville, North Carolina.  *Id.* at 44-45.  On or around November 9, 2016, she was terminated for falsifying information on her application for the PSE Mail Processing Clerk position by failing to disclose that she was a former employee at the Morrisville Post Office and that she had been terminated for failing the SSA exam.  *Id.* at 27, 33, 46.

The appellant thereafter filed this Board appeal of her termination and requested a hearing.  IAF, Tab 1.  In a jurisdictional order, the administrative

judge informed the appellant that the Board may not have jurisdiction over her appeal because she did not appear to be an "employee" with Board appeal rights under 5 U.S.C. chapter 75. IAF, Tab 3. He apprised her of her jurisdictional burden as an employee in the excepted service or as an individual serving a Veterans Recruitment Appointment (VRA), and he ordered her to file evidence and argument on the jurisdictional issue. *Id.* In response, the appellant alleged that she was serving under a VRA and that the agency committed procedural error, and she submitted a form documenting her military service. IAF, Tab 5. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 6 at 4-10.

¶4 Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID) at 1, 4. Specifically, he found that the appellant did not meet the definition of an employee with Board appeal rights because it was undisputed that she had not completed 1 year of current continuous service in the same or a similar position. ID at 3. He further found that, even tacking her prior service at the Morrisville Post Office, her length of Federal service would be inadequate for determining that she was an employee for jurisdictional purposes. *Id.* Moreover, he found that she failed to make a nonfrivolous allegation that she was appointed under VRA authority, and thus, he was precluded from reaching her procedural error claim. *Id.*

¶5 The appellant has filed a petition for review in which she asserts that the union stated that the Board has jurisdiction over her appeal. Petition for Review (PFR) File, Tab 1 at 3. In addition, she has submitted a personnel form showing that, as of November 26, 2016, she held a position with the U.S. Postal Service. *Id.* at 4. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant has failed to make a nonfrivolous allegation that she is an employee with chapter 75 appeal rights or that she was appointed under VRA authority.</u>

¶6     The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence.  5 C.F.R. § 1201.56(b)(2)(i)(A).  Generally, an appellant is entitled to a jurisdictional hearing if she raises a nonfrivolous allegation of Board jurisdiction over her appeal.  *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 6 (2013).  A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).

¶7     Only an "employee," as defined under 5 U.S.C. chapter 75, can appeal an adverse action to the Board.  *Winns v. U.S. Postal Service*, 124 M.S.P.R. 113, ¶ 8 (2017), *aff'd sub nom. Williams v. Merit Systems Protection Board*, 892 F.3d 1156 (Fed. Cir. 2018); *see* 5 U.S.C. §§ 7511(a)(1), 7513(d).  Pursuant to 5 U.S.C. § 7511(a)(1)(B)(ii), an employee with the right to appeal to the Board includes a preference-eligible employee of the U.S. Postal Service in the excepted service who has completed "1 year of current continuous service in the same or similar positions."  *Winns*, 124 M.S.P.R. 113, ¶ 8.  When analyzing section 7511(a)(1)(B), the Board defers to the regulation in 5 C.F.R. § 752.402, which defines "current continuous employment" as "a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday."  *Id.*, ¶¶ 13, 16.  Employees of the U.S. Postal Service also may appeal adverse actions to the Board under 5 U.S.C. chapter 75 if they are management or supervisory employees, or employees engaged in personnel work in other than a purely nonconfidential clerical capacity, and have completed 1 year of current continuous service in the same or similar positions.  39 U.S.C. § 1005(a)(4)(A)(ii); 5 U.S.C. § 7511(b)(8); *see Winns*, 124 M.S.P.R.

113, ¶ 8 n.4. In addition, the Board has held that 38 U.S.C. § 4214(b)(1)(E), which provides limited Board appeal rights to VRA appointees, covers the U.S. Postal Service. *Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 14-15 (1996).[2]

¶8        For the following reasons, we agree with the administrative judge's finding that the appellant failed to nonfrivolously allege that she met the definition of an employee with Board appeal rights or that she was appointed under VRA authority. ID at 1, 3. In particular, the appellant has not alleged, and the record does not reflect, that she held a supervisory or management position, or was engaged in personnel work in other than a purely nonconfidential clerical capacity. PFR File, Tab 1; IAF, Tab 1 at 5, Tab 5, Tab 6 at 43-46. Moreover, we find that she has failed to make a nonfrivolous allegation that she completed 1 year of current continuous service in the same or similar positions under 5 U.S.C. § 7511(a)(1)(B). Specifically, the appellant has not disputed the agency's evidence showing that she was terminated on or around November 9, 2016, less than 3 months after her appointment on August 20, 2016. PFR File, Tab 1; IAF, Tab 6 at 43, 46; *see Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994) (finding that an administrative judge may consider an agency's documentary submissions in determining whether an appellant has made a nonfrivolous allegation of jurisdiction). In addition, we find that the appellant may not tack her prior Federal service at the Morrisville Post Office because she had a break in service of approximately 1 month. IAF, Tab 6 at 13, 43; *see* 5 C.F.R. § 752.402; *see also Winns*, 124 M.S.P.R. 113, ¶ 18 (overruling a line of

---

[2] An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Here, the administrative judge acknowledged that he did not provide the appellant with notice of her jurisdictional burden tailored to employees of the U.S. Postal Service. ID at 3 n.1. However, we find that she received appropriate notice in the agency's motion to dismiss and the initial decision, and thus, she had an opportunity to meet her jurisdictional burden on review. ID at 2-3; IAF, Tab 6 at 6-9; *see Milam v. Department of Agriculture*, 99 M.S.P.R. 485, ¶ 10 (2005) (explaining that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured through the agency's pleadings below or the initial decision).

Board decisions, which found that an appellant may establish "current continuous service" for purposes of section 7511(a)(1)(B) under a "continuing employment contract" theory, despite a break in service of a workday).

¶9        Further, we find that the appellant has failed to nonfrivolously allege that she was appointed under 38 U.S.C. § 4214(b)(1), which authorizes VRAs. *See Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 16 (2014) (discussing the history and purpose of 38 U.S.C. § 4214), *aff'd*, 818 F.3d 1361 (Fed. Cir. 2016).  In particular, she has not rebutted the agency's evidence showing that she was appointed under 39 U.S.C. § 1001, the appointing authority of the U.S. Postal Service.  PFR File, Tab 1; IAF, Tab 5 at 5, Tab 6 at 12-13, 43-45; *see Ferdon*, 60 M.S.P.R. at 329.

¶10       The appellant's sole argument on review is that a union told her that the Board has jurisdiction over her appeal.  PFR File, Tab 1 at 3.  We find that this conclusory statement fails to provide a reason to disturb the initial decision.  With her petition for review, the appellant has submitted a personnel form that was processed on November 26, 2016, which shows that she received a contractual increase effective the same date for her PSE SSA position at the Lakedale Station. *Id.* at 4.  The Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d).  Moreover, the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980); 5 C.F.R. § 1201.115(d).  Here, the appellant has not addressed why she was unable to submit the personnel form below when it predates the close-of-record date.  PFR File, Tab 1; IAF, Tab 3 at 5.  Further, we find that this evidence, of which she does not explain the significance, is not of sufficient weight to warrant an outcome different from that of the initial decision because it

merely shows that she had over 3 months of current continuous service in the same or similar positions.  PFR File, Tab 1.  Because 5 U.S.C. § 7511(a)(1)(B) requires 1 year of current continuous service, we find that the appellant's evidence does not constitute a nonfrivolous allegation of jurisdiction.

¶11      Accordingly, we affirm the administrative judge's decision to dismiss this appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.